UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN DESIMONE, MELISSA PAPANDREA, and DAVID SAMUELS, individually and on behalf of others similarly situated, | Case No.: |
| Plaintiffs, | **COMPLAINT** |
| -against- | |
| OCEAN BREEZE PHARMACY, INC. and SUKETU PATEL, | **Collective Action and Class Action Complaint** |
| Defendants. | |

Plaintiffs STEVEN DESIMONE ("DeSimone"), MELISSA PAPANDREA ("Papandrea"), and DAVID SAMUELS ("Samuels") individually and on behalf of others similarly situated by and through their attorneys, FISHER TAUBENFELD LLP, allege against Defendants OCEAN BREEZE PHARMACY, INC. ("Ocean Breeze" or the "Corporate Defendant") and SUKETU PATEL ("Patel" or the "Individual Defendant") (the "Corporate Defendant" and the "Individual Defendant" are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction).  Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this district, the Corporate Defendant resides in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

3.      Defendant Ocean Breeze is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 250 Buel Avenue, Staten Island, New York 10305.

4.      Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5.      In the past six years, Defendant Ocean Breeze has operated a pharmacy named Ocean Breeze located at 1817 Hylan Blvd., Staten Island, NY 10305.

6.      The Ocean Breeze store at which Plaintiffs worked had two or three eight hour shifts from Monday through Friday:

   i.   The opening shift from 8:30 a.m. to 4:30 p.m.;

   ii.  The closing shift from 12:00 p.m. until 8:00 p.m.; and

   iii. On some occasions there would be a middle shift from 10:00 a.m. to 6:00 p.m.

7.      On Saturday, the store was open from 9:00 a.m. until 5:00 p.m. and Sunday the store was open from 9:00 a.m. until 2:00 p.m.

8.      In February 2018, upon information and belief, Defendants purchased the business of University Chemist located at 74 University Place, New York, NY 10003 and moved two of the pharmacists initially to the basement of Ocean Breeze and then in a suite next door.

9.      Ocean Breeze also operated a specialty pharmacist in same building as Ocean Breeze.

10.     At all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

11.     Plaintiffs and Defendants' other employees regularly handled and used medications and equipment that were moved in or produced for interstate commerce.

12.     At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

13.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

14.     At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiffs.

15.     At all relevant times hereto, Defendants have been Plaintiffs' employers within the meaning of the New York Labor Law ("NYLL") §§ 2 and 651.

16.     Each Plaintiff is an adult individual who has been employed by Defendants within the last six (6) years at Defendants' offices.

### The Ocean Breeze Store and the Individual Defendant

17.     Upon information and belief, Defendant Patel resides in the State of New York and is an owner, manager, and/or employee of the Corporate Defendant.

18.     Defendant Patel makes and/or made hiring and firing, scheduling, and payroll decisions and maintains pay records on behalf of the Corporate Defendant.

19.     The Individual Defendant is a natural person engaged in business in the State of New York, who is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

20.     The Individual Defendant exercises operational control over the Corporate Defendant's operations.

21.     At all relevant times, all Defendants have been Plaintiffs' employer within the meaning of the FLSA and NYLL.  The Individual Defendant possessed and executed the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, determined the rate and method of any compensation in exchange for their services, and maintained records of their employment.

22.     Defendant Patel, among other actions, approved the hiring of and/or hired Plaintiffs and other employees, set their rates of pay, and maintained employment records.

23.     The Individual Defendant created and enforced policy for the Corporate Defendant, including the employee pay policies and work schedules.

24.     Defendant Patel, as one of the ten largest shareholders of the Corporate Defendant, is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

25.     The Individual Defendant is Plaintiffs' employer under the FLSA and NYLL and are individually liable to Plaintiffs.

## NATURE OF THE ACTION

26.     Plaintiffs bring this action on behalf of (a) themselves and other similarly situated employees who have worked for the Defendants on or after the date that is three (3) years before the filing of this Complaint pursuant to the FLSA; and (b) themselves and other similarly

situated employees on or after the date that is six (6) years before the filing of this Complaint pursuant to the NYLL and the New York Commissioner of Labor's Wage Orders codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions:

  i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiffs who worked in excess of forty (40) hours per week;

  ii. Defendants' failure to pay Plaintiffs for all hours worked; and

  iii. Defendants' failure to provide Plaintiffs with a wage notice or proper paystubs as required by NYLL § 195.

## FACT ALLEGATIONS

27.    At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiffs have been and continue to be economically injured.

28.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### *Plaintiff DeSimone's Schedule and Pay*

29.    Defendants hired Plaintiff DeSimone as a pharmacist in their Staten Island Ocean Breeze store on March 13, 2017.  Plaintiff DeSimone continues to hold this position while on medical leave since September 14, 2018.

30.    Throughout Plaintiff DeSimone's employment, Defendants paid him $58 an hour.

31.    Plaintiff DeSimone generally worked four days a week, although sometimes Plaintiff DeSimone worked five or six days a week.

32.     However, when Plaintiff DeSimone worked the opening shift, he began work at least 45 minutes to an hour prior to his shift to inventory the medications, process prescriptions, and perform other duties.

33.     Plaintiff DeSimone also worked approximately 35 minutes past closing to service customers who entered the pharmacy close to closing time and to perform other duties.

34.     When he worked Saturday and Sunday, however, Plaintiff DeSimone had to open and close the store although on Sunday he generally only worked until 2:15 p.m. or 2:20 p.m.

35.     Defendants did not pay Plaintiff DeSimone for his work before and after his shift.

36.     Defendants failed to pay DeSimone an overtime premium of time-and-a-half for each of his overtime hours and instead paid to him his regular rate for each of the hours they paid him.

### *Plaintiff Papandrea's Schedule and Pay*

37.     Plaintiff Papandrea began working for Defendants in their Staten Island Ocean Breeze store on November 22, 2016 as a pharmacist and worked until December 20, 2018, except for a short medical leave during 2018.

38.     Throughout Plaintiff Papandrea's employment, Defendants paid her $57 an hour.

39.     Plaintiff Papandrea generally worked four days a week, three eight-hour shifts and one ten-hour shift from 10:00 a.m. until 8:00 p.m.

40.    However, when Plaintiff Papandrea worked the opening shift she began work 15 to 20 minutes prior to her shift to inventory the medications, process prescriptions, and perform other duties.

41.    Plaintiff Papandrea also worked approximately 35 minutes past closing to service customers who entered the pharmacy close to closing time and to perform other duties.

42.    Defendants did not pay Plaintiff Papandrea for her work before and after her shift.

43.    Defendants failed to pay Papandrea an overtime premium of time-and-a-half for each of her overtime hours and instead paid to her her regular rate for each of the hours they paid her.

### Plaintiff Samuels' Schedule and Pay

44.    Plaintiff Samuels began working for Defendants in their Staten Island Ocean Breeze store in August 2012 as a pharmacist and worked until the middle of January 2018.

45.    During Plaintiff Samuels' employment, Defendants paid him between $52 and $59 an hour.

46.    Plaintiff Samuels generally worked a schedule of four days one week and six days the following week.

47.    As a result, Plaintiff Samuels always worked more than 40 hours the second week no matter which six days he worked.

48.    In addition, when Plaintiff Samuels worked the opening shift, he began work approximately one hour prior to his shift to inventory the medications, process prescriptions, and perform other duties.

49.    Plaintiff Samuels also worked approximately 30 minutes past closing to service customers who entered the pharmacy close to closing time and to perform other duties.

50.    Defendants did not pay Plaintiff Samuels for his work before and after his shift.

51.    Defendants failed to pay Samuels an overtime premium of time-and-a-half for each of his overtime hours and instead paid to him his regular rate for each of the hours they paid him.

### Defendants' Failure to Pay for All Hours Plaintiffs Worked and Their Overtime Hours

52.    Defendants failed to pay Plaintiffs properly under the FLSA and NYLL.

53.    Defendants failed to pay Plaintiffs for each hour they worked.

54.    Instead, Defendants only paid them for specific hours, but declined to pay them for the hours they worked before and after their shift.

### Defendants' Violations of NYLL § 195

55.    Defendants have failed to provide Plaintiffs with a wage notice in compliance with NYLL § 195.

56.    Defendants did not at any time provide Plaintiffs with a notice specifying their rate of pay, the basis of pay, allowances, if any, claimed against the minimum wage (e.g., tips, meals, lodging) or the identification of their regular pay day.

57.    Defendants also failed to provide Plaintiffs with proper wage statements stating, among other things, the number of overtime hours they worked or their hourly rate for overtime hours.

## COLLECTIVE ACTION ALLEGATIONS

58.    Defendants' failure to comply with the FLSA extended beyond the Plaintiffs to all other similarly situated employees insofar as Defendants had a policy to pay their employees at their regular rate for the hours they worked in excess of 40.

59.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated current and former non-exempt employees of Defendants pursuant to 29 U.S.C. § 216(b).

60.    The consent to sue forms for Plaintiffs are attached hereto as **Exhibit 2**.

61.    Upon information and belief, there are at least 100 current and former employees who have been denied proper overtime wage compensation while working for Defendants.

62.    At all relevant times, Plaintiffs and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek.  The claims of Plaintiffs stated herein are similar to those of the other employees.

63.    In bringing this action, Plaintiffs are representative of and are acting on behalf of the interests of other current and former non-exempt employees who have worked for Defendants within the last three (3) years.

## <u>CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL</u>

64.    Plaintiffs bring this action on behalf of themselves and all other non-exempt persons who were or are employed by the Defendants but who did not receive proper notification or pay required by the NYLL in respect to their work for the Defendants.

65.    Upon information and belief, this class of persons consists of no fewer than 150 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

66.    There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiffs by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

67.    The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

68.    Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

69.    A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

70.    Plaintiffs bring the second through fourth claims for relief herein on behalf of themselves and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiffs and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

## FIRST CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA)

71.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

72.    Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated regularly worked in excess of forty (40) hours per workweek.

73.    At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiffs and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

74.    Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (NYLL Failure to Notify)

75.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

76.    Pursuant to §195(1) of the NYLL, within ten business days of Plaintiffs and other similarly situated employee's hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

77.     Pursuant to §195(3) of the NYLL, Defendants were required to provide to Plaintiffs and others similarly situated a wage statement containing, *inter alia*, a record of each overtime hour worked and the employee's overtime rate of pay.

78.     Defendants failed to provide Plaintiffs and others similarly situated with a notice or proper wage statements in accordance with §195 of the NYLL.

79.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and wage statement, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Breach of Contract)**

80.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

81.     Defendants entered into an oral contract with Plaintiffs and others similarly situated to perform work as described above.

82.     Plaintiffs and others similarly situated satisfactorily supplied labor in connection with, and in furtherance of, the work required under their oral employment contract with Defendants and in doing so, complied with the terms of their employment contract with Defendants and were therefore entitled to wages they rightfully earned while working for Defendants.

83.     Defendants agreed to pay Plaintiffs and others similarly situated an hourly wage for each hour they worked.

84. Defendants failed to pay Plaintiffs and others similarly situated at that hourly rate for each of the hours they worked.

85. That by virtue of the foregoing breach of contract by Defendants, Plaintiffs and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiffs and others similarly situated should have been paid as contemplated by their employment agreement with Defendants, less amounts actually paid to Plaintiffs and others similarly situated together, with an award of interest, costs, disbursements, and attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**(NYLL Failure to Pay Straight Time)**

86. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

87. At all relevant times hereto, pursuant to NYLL § 190 *et. seq.* Defendants were obligated to pay Plaintiffs and others similarly situated an hourly rate for each hour they worked and not to divert or withhold any portion of their wages.

88. Defendants failed to pay Plaintiffs and others similarly situated their hourly rate for each hour they worked.

89. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL §§ 663 and 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment for:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiffs' costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: May 31, 2019
       New York, New York

Respectfully submitted,

_____
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*

EXHIBIT 1

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:       OCEAN BREEZE PHARMACY, INC

PLEASE TAKE NOTICE that STEVEN DESIMONE, MELISSA PAPANDREA, and DAVID SAMUELS, as employees of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who have expressly authorized the undersigned, as their attorney, to make this demand on his behalf,

THEY ALSO HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
      May 31, 2019

FISHER TAUBENFELD LLP

_____/s/_____

Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES RENDERED

TO:    SUKETU PATEL

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that STEVEN DESIMONE, MELISSA PAPANDREA, and DAVID SAMUELS, on behalf of themselves and on behalf of all others similarly situated, intend to charge you and hold you personally liable as one of the ten largest shareholders of OCEAN BREEZE PHARMACY, INC., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
       May 31, 2019

FISHER TAUBENFELD LLP

_____/s/_____
Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*

EXHIBIT 2

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by Ocean Breeze Pharmacy and/or related entities.  I consent

to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the

Professional Services Agreement signed by me in this case.

Steven DeSimone
_____
NAME

_____
SIGNATURE

12/27/18
_____
DATE

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by Ocean Breeze Pharmacy and/or related entities. I consent

to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the

Professional Services Agreement signed by me in this case.


Melissa Papandrea
**NAME**

Melissa Papandrea
**SIGNATURE**

12/00/18 .
**DATE**

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by Ocean Breeze Pharmacy and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_David Samuel S_
NAME

SIGNATURE

_2/11/19_
DATE