FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

July 29, 2020

**VIA ECF**
Honorable Ramon E. Reyes
United States Magistrate Judge
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: DeSimone *et. al.* v. Ocean Breeze Pharmacy, Inc. *et. al.*
       Case No.: 19-cv-3257 (CBA)(RER)

Dear Judge Reyes:

  This firm represents Plaintiffs in the above-referenced matter.  We write to request that the Court approve the parties' settlement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015).  Attached is the parties' settlement agreement.

  **1.  Background to the Settlement.**

  Defendants own a pharmacy and employed Plaintiffs as pharmacists. Plaintiffs have alleged that they often worked more than 40 hours in a week, but Defendants failed to pay them properly for each regular and overtime hour they worked.  In particular, Plaintiffs claim that Defendants denied them pay for work before and after their shift and failed to pay them time-and-a-half for their overtime work and that Defendants also violated other wage and hour statutes by failing to provide them with a wage notice or paystubs that recorded all of the hours they worked and their legally-required overtime rate of pay.

  Plaintiffs asserted a variety of claims in this lawsuit under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for:

(a) Failure to pay overtime pay under the FLSA;
(b) Failure to pay straight time under the NYLL for unpaid hours; and
(c) Failure to provide proper paystubs and wage notices under NYLL §195.

Defendants denied these allegations and offered affirmative defenses, including Defendants' standing as professional highly-compensated employees.

Plaintiffs calculated their damages as $165,736.22 broken down as follows: $19,405.39 in overtime wage damages under the FLSA, $48,462.72 in straight time damages under the NYLL, $67,868.11 in liquidated damages under the NYLL, and $30,000 under NYLL §195. These damages were based on Defendants' time records.

**2. The Settlement is Fair and Reasonable.**

The parties attended a mediation on July 14, 2020 under the EDNY's mediation program before Ronald Kreismann, Esq., an experienced employment lawyer and mediator. At the end of the mediation, the parties agreed to resolve the case for $67,700 to be paid over 12 months. Ultimately, the parties signed a settlement agreement. Under the agreement, the $67,700 will be paid as follows:

  i. To Plaintiff DeSimone $11,095.00.
 ii. To Plaintiff Papandrea $11,095.00.
iii. To Plaintiff Samuels $22,190.00.
 iv. To Fisher Taubenfeld LLP $23,320.00.

My firm is receiving reimbursement for costs plus one-third of the settlement amount after the deduction of $1,130.00 in costs, which are comprised of (1) $400 for the filing fee; (2) $180 for service costs; and (3) $550 for the mediation fee.

In exchange for the $67,700 payment, Plaintiffs agree to a release of only wage-related claims. There are no confidentiality or nondisparagement clauses in the agreement.

The agreement is fair and reasonable. Crucially, this litigation is in the beginning stages. Despite that, Plaintiffs are receiving essentially 100% of their claimed unpaid regular and overtime damages before fees and costs are deducted. This amount is reasonable given the substantial litigation risk that Plaintiffs would face. First, the vast majority of Plaintiffs' damages are for off-the-clock work for which Plaintiffs would largely rely on their testimony and limited documentation. Further, the legal risks are significant. As pharmacists, Plaintiffs are exempt from overtime under the NYLL because they performed professional work. If this litigation proceeded, Defendants will also argue that Plaintiffs are exempt from overtime under the FLSA as well. Although unlike the NYLL, the FLSA's professional exemption contains a salary basis test, Plaintiffs earned between $55 and $60 an hour and each week earned more than the $455 weekly salary required under that test. Nevertheless, Plaintiffs will argue that they did not satisfy the salary basis test because Defendants did not guarantee any minimum salary. Padilla v. Sheldon Rabin, M.D., P.C., 176 F. Supp. 3d 290, 303 (E.D.N.Y. 2016) (holding that an employee who earned more than $1,400 each week was not exempt because his salary was not guaranteed). But there is risk that the Court will reject that position, which Plaintiffs would prefer to avoid. Further, Defendants will argue that Plaintiffs' straight time claim will fail because they are exempt from overtime under the NYLL. If Defendants successfully argue that Plaintiffs are exempt under the FLSA and NYLL, Plaintiffs would recover next to nothing.

Perhaps more crucially than the legal risks, given the current economic and public health situation, Plaintiffs would take an enormous risk should they proceed with this case. It is unclear what the public health and economic climate will look like in the next few months and

how it will affect Defendants' business. Many public health experts have expressed concerns that New York will face a second COVID-19 wave in the Fall. There is no way to know how that will affect businesses in New York, including Defendants' business. Given the substantial amount of the settlement and the large risks that Plaintiffs would be taking if they proceeded, this settlement is fair and reasonable.

Finally, my firm's attorneys' fees are fair and reasonable as well. My firm will be receiving $22,953.33 in fees, which is one-third of the total amount after deducting $1,130.00 in costs. Courts in this District regularly approve one-third contingency fees. See, e.g., Ezpino v. CDL Underground Specialists, Inc., No. 14CV3173DRHSIL, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017), report and recommendation adopted, No. CV143173DRHSIL, 2017 WL 3037406 (E.D.N.Y. July 17, 2017) ("A one-third contingency fee is a commonly accepted fee in this Circuit.")

We greatly appreciate the Court's attention to this matter.

Very truly yours,
--------------/s/------------
Michael Taubenfeld

Encl.